# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES I. TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-2056-JCH |
| ) | |
| MICHAEL HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James I. Toney (registration no. 275016) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $127.92, and an average monthly balance of $53.65. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.58, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Potosi Correctional Center ("PCC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Dr. Michael Hakala, Debbie Vincent (Director of Nursing), Dr. William McKinney, Lisa Spain (Director of Nursing), Kim Randolph (Health Services Administrator), Kim Klein (Registered Nurse), Denver King (Correctional Officer), Charla Francis (Correctional Officer), Dr. John Spears, and

Jason Unknown (Registered Nurse). Plaintiff's allegations arise out of the delay, denial, and lack of adequate medical care for his serious medical injuries. Having carefully reviewed the complaint, the Court concludes that, as to defendants Michael Hakala, Debbie Vincent, William McKinney, Lisa Spain, Kim Randolph, Kim Klein, Charla Francis, John Spears, and Jason Unknown, plaintiff's Eighth Amendment claims survive frivolity review and will not be dismissed at this time.

Plaintiff's claims as to defendant Denver King, however, are legally frivolous and fail to state a claim or cause of action under § 1983. Plaintiff alleges that on January 13, 2010, defendant King advised plaintiff that he was a "no show" for an x-ray appointment, instructed him to return to his housing unit, and refused to believe that plaintiff had not been released on time to make the appointment. Plaintiff also alleges that on August 4, 2010, despite the fact that he was experiencing physical pain and could barely walk, King reprimanded him "for not being able to get up out of a chair and move fast enough." These allegations do not rise to the level of a constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $25.58 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's claims against Michael Hakala, Debbie Vincent, William McKinney, Lisa Spain, Kim Randolph, Kim Klein, Charla Francis, John Spears, and Jason Unknown, the Clerk shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that, as to defendant Denver King, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 2nd Day of December, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE