UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES TONEY, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:10CV2056 JCH |
| MICHAEL HAKALA, et al., | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Charla Francis' Motion to Dismiss, filed January 28, 2011. (Doc. No. 20). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff James Toney is an inmate in the Missouri Department of Corrections, currently residing at the Potosi Correctional Center in Mineral Point, Missouri. (Complaint under the Civil Rights Act, 42 U.S.C. 1983, Doc. No. 1-1 ("Complaint" or "Compl."), P. 2). In his Complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendant Charla Francis and others violated his Eighth Amendment right to be free from cruel and unusual punishment, when they exhibited deliberate indifference to his serious medical needs. (Compl., PP. 47-50).

Plaintiff alleges he began experiencing pain in his lower back, left hip and leg in March, 2009. (Compl., P. 7). The prison medical staff examined Plaintiff, and prescribed medication and exercises. (Id., PP. 7-8). The pain was exacerbated when a basketball struck the top left side of Plaintiff's head in June, 2009. (Id., P. 8). Plaintiff filed numerous medical services requests ("MSR") throughout

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which Defendant Francis has not yet filed an answer.

2009 and early 2010, and received several medical examinations, including both x-rays and an MRI. (See, e.g., Id., PP. 7, 8, 9, 10, 13).

On January 11, 2010, Plaintiff was examined by Defendant Dr. William McKinney. (Compl., P. 16). According to Plaintiff, at that time Defendant McKinney refused to order an x-ray of Plaintiff's hip. (Id.). Despite this refusal, Plaintiff maintains he was scheduled for an x-ray of his hip two days later, on January 13, 2010. (Id., PP. 17, 19, 25). Plaintiff asserts that at 9:50 a.m. on that date, Defendant Francis refused to release Plaintiff for his 10:00 a.m. scheduled x-ray. (Id., P. 17). Instead, Defendant Francis forced Plaintiff to return to his cell and "lock down." (Id.). At 10:30 a.m., another inmate informed correctional officer ("CO") Davis that Plaintiff had a 10:00 a.m. medical appointment, and CO Davis released Plaintiff from his cell to go to medical. (Id., P. 18). Plaintiff arrived at medical at approximately 10:37 a.m., but was told he was a "no show" for his x-ray appointment and had to return to his housing unit. (Id.).

Plaintiff filed an MSR that same day, asking that his x-ray appointment be rescheduled. (Compl., P. 18). He further self-declared a medical emergency, and although medical staff examined Plaintiff in response, they declined to schedule him for another x-ray. (Id., PP. 18-19, 25). Plaintiff eventually received a hip x-ray on May 26, 2010, and Defendant McKinney determined there were no problems with Plaintiff's hip. (Id., P. 26).

With respect to Defendant Francis, Plaintiff claims she violated his Eighth Amendment right to be free from cruel and unusual punishment, when she demonstrated deliberate indifference to his serious medical needs, "by denying and delaying medical care when on January 13, 2010, [she] denied the Plaintiff access to medical for a scheduled hip x-ray appointment." (Compl., P. 49). Plaintiff is suing Defendant Francis in her "individual and/or official capacity." (Id., P. 6). As stated above,

Defendant Francis filed the instant Motion to Dismiss on January 28, 2011, asserting that with his allegations Plaintiff fails to state a claim against her upon which relief may be granted. (Doc. No. 20).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Official Capacity Claim

The Eighth Circuit has held that, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson v. Outboard Marine Corp, 172 F.3d 531, 535 (8th Cir. 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Under Supreme Court law, "[a] governmental entity may not generally be held liable

for the allegedly unconstitutional acts of its employees under the doctrine of *respondeat superior*." Brown v. Horn, 2006 WL 744320 at *2 (E.D. Mo. Mar. 21, 2006) (citing Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, the governmental entity may be held liable for the unconstitutional acts of its employees only when those acts implement or execute an unconstitutional policy or custom. Id. (citations omitted).

In the instant case, there is nothing in Plaintiff's Complaint or other pleadings to suggest that Defendant Francis acted under any governmental policy or custom, or that any governmental entity was the moving force behind the injury alleged. Brown, 2006 WL 744320 at *3. Instead, with respect to Defendant Francis Plaintiff alleges only a single incident of allegedly unconstitutional conduct, and a "single incident of [] misconduct cannot form the basis for imposing liability on the government employer." Id. (citations omitted). Defendant Francis' Motion to Dismiss Plaintiff's § 1983 official capacity claim must therefore be granted. Johnson, 172 F.3d at 536.

## II.    Individual Capacity Claim

In her Motion to Dismiss, Defendant Francis alleges she is entitled to qualified immunity for Plaintiff's suit against her in her individual capacity. (Memorandum in Support of Defendant's Motion to Dismiss, PP. 5-10). "Government officials are entitled to qualified immunity from suit under 42 U.S.C. § 1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Johnson v. Board of Police Com'rs, 2007 WL 1629909 at *1 (E.D. Mo. Jun. 4, 2007) (internal quotations and citations omitted). The Court employs a two-part inquiry "to determine whether a lawsuit against a public official alleging a constitutional violation can proceed in the face of an assertion of qualified immunity." Serna v. Goodno, 567 F.3d 944, 951 (8th Cir.) (citing Saucier v. Katz, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)), cert. denied, 130 S.Ct. 465 (2009).

> First, courts [] consider whether, taken in the light most favorable to the party asserting the injury,....the facts alleged show the officer's conduct violated a constitutional right.....Second, courts [] ask whether the right was clearly established[2].....For a right to be deemed clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. In other words, officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

Serna, 567 F.3d at 951-52 (internal quotations and citations omitted).

At the time of Defendant Francis' actions, "the law was clearly established that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment." Meloy v. Bachmeier, 302 F.3d 845, 848 (8th Cir. 2002) (citations omitted). "Deliberate indifference to the serious medical needs of inmates may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Robinson v. Hager, 292 F.3d 560, 563-64 (8th Cir. 2002) (internal quotations and citation omitted). In the context of a claim that a delay in medical treatment constituted cruel and unusual punishment, the inmate must show: "(a) the deprivation alleged was objectively serious; and (b) the prison official was deliberately indifferent to the inmate's health or safety." Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir.) (citation omitted), cert. denied, 549 U.S. 927 (2006).

> When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured by reference to the *effect* of delay in treatment. To establish this effect, the inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment.

Id. (internal quotations and citations omitted). If the inmate does not provide evidence the delay in

---

[2] While Saucier set forth the two-part test with a mandatory sequence for analysis, the Supreme Court recently reversed itself and eliminated the mandatory aspect of the sequential analysis. Serna, 567 F.3d at 952 (citing Pearson v. Callahan, --- U.S. ----, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009)).

treatment had a detrimental effect, he has omitted an essential element of his claim.  Id.

Upon consideration, the Court finds Plaintiff fails to plead an Eighth Amendment claim against Defendant Francis, because he does not establish the half hour delay of his appointment on January 13, 2010, had a detrimental effect on the severity of his condition.  In other words, the Court finds Plaintiff's failure to receive an x-ray on that date had no bearing on Plaintiff's prognosis or course of treatment.  Rather, as noted above Plaintiff concedes that during his examination two days before the alleged violation, Defendant McKinney refused to order an x-ray of Plaintiff's hip. (Compl., P. 16).  Furthermore, despite the fact that he had several appointments with Defendant McKinney subsequent to Defendant Francis' alleged action, and self-declared a medical emergency, Plaintiff still was not scheduled for an x-ray of his hip until May 26, 2010, more than four months after the incident at issue.  (Id., PP. 18-19, 25-26).[3]  Even then, after reviewing the x-ray Defendant McKinney determined that the source of Plaintiff's problems was not his hip. (Id., PP. 26, 30).  Under these circumstances, the Court finds Plaintiff fails sufficiently to allege he suffered any harm from the temporary delay, and so his claim against Defendant Francis in her individual capacity must be dismissed.  See Moots v. Lombardi, 453 F.3d 1020, 1023 (8th Cir. 2006); Laughlin, 430 F.3d at 929.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charla Francis' Motion to Dismiss (Doc. No. 20) is **GRANTED**, and Plaintiff's claims against Defendant Francis are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery (Doc. No. 39) is **DENIED** as moot.

---

[3] Defendant Francis cannot be held liable for the medical professionals' decision not to provide Plaintiff with an x-ray.  See Meloy, 302 F.3d at 849 (citation omitted) ("Prison officials cannot substitute their judgment for a medical professional's prescription.").

Dated this 1st day of March, 2011.

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE