# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-2056-JAR |
| ) | |
| MICHAEL HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant John Spears, D.O.'s Motion to Dismiss or, in the alternative, Motion for Summary Judgment [ECF No 91].[1] The Motion is fully briefed and ready for disposition.

**Background**

The Court finds the following facts are not is dispute, or have not been specifically controverted pursuant to E.D.Mo.L.R. 7-4.01(E). Plaintiff James Toney is an inmate in the Missouri Department of Corrections, currently residing at the Jefferson City Correctional Center in Jefferson City, Missouri. Defendant Spears is an orthopedic surgeon employed at the Missouri Spine Institute in Jefferson City, Missouri. Dr. Spears was retained as an independent contract

---

[1] Under Federal Rule of Civil Procedure 12(d), when the district court treats a motion to dismiss as a motion for summary judgment, the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Eighth Circuit has held that parties have constructive notice that the district court will treat the motion as one for summary judgment when the moving party states it is moving for summary judgment and the parties submit and refer to material outside of the complaint. See Riehm v. Engelking, 538 F.3d 952, 961–62 n. 5 (8th Cir.2008). Defendant Spears' motion is alternatively captioned as a motion for summary judgment. Plaintiff has referred to and relied on material outside the complaint, and acknowledged the standard for summary judgment, in his opposition to Spears' motion. The Court will therefore address Spears' alternative motion for summary judgment.

physician by Correctional Medical Services. In his First Amended Complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges Dr. Spears was deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

Plaintiff alleges he began experiencing pain in his middle and lower back, left hip, knee and leg in March, 2009 while an inmate at the Southeast Correctional Center in Charleston, Missouri. The prison medical staff examined Plaintiff, and prescribed medication and exercises. Plaintiff's pain was exacerbated when he was struck in the top left side of his head by a basketball in June, 2009. Plaintiff filed numerous medical services requests throughout 2009 and early 2010, and received several medical examinations, including x-rays and an MRI.

On January 18, 2010, Plaintiff was transported to the Missouri Spine Institute in Jefferson City, Missouri to be examined by Dr. Spears. Because Plaintiff's medical file was not sent with him, Dr. Spears did not examine Plaintiff at that time.

On January 25, 2010, Plaintiff was again transported to the Missouri Spine Institute, where Dr. Spears consulted with Plaintiff regarding the pain he was experiencing. Plaintiff alleges Dr. Spears refused to conduct a thorough examination and/or recommend further testing to diagnose all of his injuries. (First Amended Complaint, Doc. No. 55, ¶¶ 97-98, 173)

On August 30, 2010, Plaintiff was transported to the Missouri Spine Institute to meet with Dr. Spears a second time. Plaintiff alleges Dr. Spears refused to answer certain questions, stating he was a spine specialist and responds only to what has been brought to his attention and that the rest of Plaintiff's problems were outside his field of expertise and needed to be directed to Defendant McKinney for diagnosis and referral. (Id., ¶¶ 170, 173).

On October 27, 2010, Plaintiff filed this lawsuit. Dr. Spears filed the instant Motion on

September 14, 2011, requesting the Court dismiss Plaintiff's claims for failure to exhaust his administrative remedies, or in the alternative, for summary judgment.

**Plaintiff's Grievance Filings**

**A. No. 09-1268**

On December 12, 2009, Plaintiff filed an informal resolution request IRR No. PCC-09-1268, alleging he received inadequate medical care during his visits with Dr. Michael Hakala and Dr. William McKinney of Correctional Medical Services from 2006 to late 2009.[2] On December 31, 2009, No. 09-1268 was officially denied. On January 3, 2010, Plaintiff filed Grievance No. 09-1268, alleging his IRR had been improperly denied by prison officials and restating his IRR allegations. On February 18, 2010, Plaintiff received the denial of Grievance No. 09-1268. On February 25, 2010, Plaintiff filed Grievance Appeal No. 09-1268, complaining of inadequate medical care and stating "the IRR filed on 12/21/09 and grievance filed on 1/3/10 clearly states the problems and facts in chronological order along with supporting facts." (Complaint Supplement, Doc. No. 1-2, p. 31 of 80). For the first time, Plaintiff mentions his January 25, 2010 visit with Dr. Spears in Grievance Appeal No. 09-1268(Id., pp. 38-39)[3]. On June 1, 2010, Plaintiff received the denial of Grievance Appeal No. 09-1268.

**B. No. 10-88**

On January 26, 2010, Plaintiff filed a second IRR, No. PCC-10-88, alleging the prison staff was retaliating against him for filing No. 09-1268. Plaintiff specifically alleges the prison medical staff refused to release his complete medical file for his first scheduled visit with Dr.

---

[2]IRR No. 09-1268 does not reference Dr. Spears and was filed prior to Plaintiff seeing Dr. Spears on January 25, 2010.

[3]Plaintiff states he was first examined by Dr. Spears' nurse and then seen by Dr. Spears. According to Plaintiff, Dr. Spears reviewed his MRI, identified a bone spur at C-5, and denied his request for an EMG. (Id., pp. 36-39).

Spears on January 18, 2010. (Id., p. 47). Plaintiff filed No. 10-88 the day after he saw Dr. Spears on January 26, 2010, but did not allege any wrongdoing by Dr. Spears. On February 24, 2010, No. 10-88 was officially denied. On February 26, 2010, Plaintiff filed Grievance No. 10-88, expressly incorporating "all the facts and allegations in [his] original IRR" and stating that his requests were "clearly stated in [his] original IRR and remain the same." On May 24, 2010, Plaintiff received the denial of Grievance No. 10-88. On May 31, 2010, Plaintiff filed Grievance Appeal No. 10-88, alleging that the prison staff harassed and retaliated against Plaintiff for his previous allegations. On July 1, 2010, Plaintiff received the denial of Grievance Appeal No. 10-88.

**Legal Standard**

The Prison Litigation Reform Act ("PLRA") requires that prisoners seeking relief in federal court must first exhaust the administrative remedies available at the prison level. 42 U.S.C. § 1997e(a). If exhaustion of administrative remedies is not completed at the time the lawsuit is filed, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003). The PLRA's administrative exhaustion requirement is an affirmative defense that the defendant has the burden to plead and prove. Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005). Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts that establish that defense. See Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002). The standards governing a motion for summary judgment are well settled. Rule 56 of the Federal Rules of Civil Procedure permits a district court to grant summary judgment with respect to an affirmative defense if the defendant shows that there is no genuine dispute as to any material fact and the defendant is entitled to judgment as a matter of

4

law. A district court has discretion to determine when an issue is ripe for summary judgment. Burton v. Hoskins, 2011 WL 1885347, *2 (E.D.Mo. May 18, 2011)(citing Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc., 162 F.3d 991, 996 (8th Cir.1998)). "Discovery does not need to be complete before a case is dismissed on summary judgment." Id. (citing Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir.1997)).

**Discussion**

Exhaustion under the PLRA is defined by the prison's grievance procedures. Jones v. Bock, 127 S.Ct. 910, 922-23 (2007). For a Missouri prisoner to exhaust all administrative remedies, he must file: (i) an informal resolution request ("IRR"); (ii) a grievance; and (iii) a grievance appeal. (Missouri Department of Corrections Offender Grievance Procedure ("Offender Grievance Procedure") D5-3.2, No. III(M)(11) (Jan. 2, 2009, Doc. No. 92-1). See Foulk v. Charrier, 262 F.3d 687, 694 (8th Cir. 2001); Dashley v. Correctional Medical Services, 345 F.Supp.2d 1018, 1022-23 (E.D. Mo. 2004). The IRR is "[t]he first attempt to resolve an offender's complaint through discussion between the offender and the appropriate staff with documentation of this attempt," and should be filed with 15 days of the alleged incident. (Offender Grievance Procedure, pp. 2, 8) Each IRR is "limited to one grievable issue and should not be expanded to include other issues at any stage of the review process." (Id. at 5.) In the IRR, the inmate should provide "whatever material/information is available to her/him." (Id. at 8.) If an inmate is not satisfied with the IRR response, he may file an Offender Grievance, which must be filed within seven calendar days after receiving the response on the IRR form. (Id. at 13.) If an inmate is not satisfied with the grievance response, he may file an offender grievance appeal, which must be filed within seven calendar days of the grievance response. Failure to do so will

result in the appeal being abandoned. (Id. at 15.) After receiving the appeal response, the offender has exhausted the grievance process. (Id. at 16.)

In support of his motion, Dr. Spears argues Plaintiff's claims should be dismissed because Plaintiff did not timely file grievances alleging any wrongdoing or inadequate medical care after being treated by Dr. Spears on January 25, 2010 and August 30, 2010. The first IRR, No. 09-1268, filed on December 12, 2009, predated any contact Plaintiff had with Dr. Spears. The second IRR, No. 10-88, filed on January 26, 2010, the day after Plaintiff consulted with Dr. Spears, concerned prison staff retaliation, and did not include Dr. Spears or any allegation of inadequate medical care on his part. Finally, Plaintiff did not file an IRR within 15 days of his August 30, 2010 consultation with Dr. Spears.

Plaintiff responds that he exhausted his administrative remedies because "he did everything in his power to follow the Offender Grievance Procedure" and because "the Offender Grievance Procedure prevent[ed] him from filing certain informal complaints and grievances." (Plaintiff's Opposition, Doc. No. 104, pp. 1, 13). Specifically, Plaintiff argues MDOC policy precluding prisoners from filing multiple grievances on the same incident bars him from filing a separate complaint against Dr. Spears because Dr. Spears is part of the general denial of adequate medical care. (Id., p. 2). Alternatively, Plaintiff argues he was not required to file a separate IRR specifically naming Dr. Spears because prison staff acknowledged throughout the grievance procedure that Dr. Spears treated him. (Id., pp. 5-6, 14-15). Plaintiff cites Williams v. Beard, 482 F.3d 637 (3rd Cir. 2007) and Spruill v. Gillis, 372 F.3d 218 (3rd Cir. 2004) in support of his argument.

MDOC policy only prohibits duplicate claims regarding "[s]pecific issues or incidents," (Offender Grievance Procedure, p. 5), not general issues. Nothing in the Missouri Grievance Procedure prevented Plaintiff from filing a separate claim against Dr. Spears on January 26, 2010 alleging inadequate medical care because it was a different specific incident of alleged inadequate medical care. Further, Plaintiff was required to take such action since an IRR alleging inadequate medical care does not serve to exhaust administrative remedies for incidents or conditions that occur *after* an IRR is filed. See Washington v. Reed, 2008 WL 2230704 (W.D. Mo. May 29, 2008), where the court ruled that plaintiff failed to exhaust his administrative remedies with regard to claims asserted against defendants where defendants' involvement in his medical care occurred *after* he filed his IRR on October 10, 2006, and plaintiff did not file another IRR addressing medical issues for events that occurred after the October filing date. Id. at *2. Thus, Plaintiff was not prohibited from filing and was in fact required to file an IRR following his consultation with Dr. Spears to exhaust his administrative remedies as to his specific claim of alleged inadequate medical treatment by Dr. Spears.

With respect to Plaintiff's argument that he was not required to file a separate IRR specifically naming Dr. Spears, he is correct that under Jones v. Bock, 549 U.S. 199 (2007), exhaustion is not per se inadequate simply because a person being sued under § 1983 was not named or otherwise identified in the administrative process. Id. at 218. Nevertheless, a person cannot be brought into the grievance process through administrative responses if the conduct complained of occurred *after* the initial grievance. See Washington, 2008 WL 2230704. Plaintiff did not name Dr. Spears in his grievance because he had not yet treated Plaintiff when the first IRR was filed.

7

The cases relied on by Plaintiff, Williams, 482 F.3d 637, and Spruill, 372 F.3d 218, are distinguishable in that the unidentified person(s) in those cases had actually been involved in the incident complained of in the initial grievance, whereas in the instant case, Dr. Spears was not involved in the events leading up to and then resulting in the filing of the IRR. In Spruill, the inmate did not name in his initial grievance a physician's assistant named Brian Brown who had seen him during his medical visits. The Court excused Spruill's procedural default because, despite his failure to name Brown in his grievance, Brown was identified in the IRR as having been involved in the events Spruill was complaining about. 372 F.3d at 234. In Williams, the inmate did not name the unit manager, Kenneth Hollibaugh, in his initial grievance. However, Hollibaugh acknowledged his involvement in the events Williams was complaining about in his response to Williams' grievance. In reversing a grant of summary judgment against Williams, the court held that all that is necessary to defeat a procedural default is that the prison be able from the initial grievance to "'identify the unidentified persons and acknowledge[e] that they were fairly within the compass of the prisoner's grievance.'" 482 F.3d at 640 (citing Spruill, 372 F.3d at 234).

In his memorandum in opposition to Defendant Spears' motion, Plaintiff asserts he has two sworn affidavits from offenders that raise a genuine issue of material fact on his claims of denial of adequate medical care and retaliation. The Court finds these affidavits do not raise an issue of material fact as to administrative exhaustion and are, therefore, not determinative of the pending motion.

**Conclusion**

Based on the allegations of Plaintiff's First Amended Complaint and the uncontroverted facts, Dr. Spears treated Plaintiff twice, on January 25, 2010 and August 30, 2010. Plaintiff did not file an IRR alleging any wrongdoing against Dr. Spears within 15 days of either incident. As a result, Plaintiff failed to properly exhaust his administrative remedies for the claims he alleges against Dr. Spears in his First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Spears, D.O.'s Motion for Summary Judgment [ECF No 91] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant John Spears, D.O.'s Motion to Dismiss is **DENIED** as moot.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 9th day of April, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE