UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES TONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-2056-JAR |
| | ) | |
| MICHAEL HAKALA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Disclosure and Modify Case Management Order [ECF No. 121]. Plaintiff requests an order compelling Defendants[1] to provide complete disclosures, and to extend the schedule for discovery and subsequent pleadings and motions by sixty (60) days. In response, Defendants assert Plaintiff's motion is improper since they have complied with the Case Management Order and Fed.R.Civ.P. 26(a)(1). Defendants do not oppose Plaintiff's request to modify the Case Management Order. For the following reasons, the motion will be granted.

Pursuant to the Case Management Order [ECF No. 109], Defendants were ordered to produce "a list of names of all witnesses having knowledge or information of the facts giving rise to plaintiff's claims" and "all documents related to the facts giving rise to plaintiff's claims." Fed.R.Civ.P. 26(a)(1)(A)(i) requires a party to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable

---

[1] Plaintiff's motion is directed at Defendants Hakala, Vinson, McKinney, Spain, Randolph, Klein and Spears. The Court granted Defendant John Spears, D.O.'s motion for summary judgment on April 9, 2012 and dismissed Plaintiff's claims against Defendant. Thus, Plaintiff's motion as directed to Defendant Spears will be denied as moot.

information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Defendants Hakala, Vinson, McKinney, Spain, Randolph and Klein served their initial Rule 26(a)(1) disclosures on Plaintiff on January 19, 2012, listing the following witnesses:

> State of Missouri employees and correctional staff with knowledge of Plaintiff's alleged medical condition, treatment and/or claims;
>
> Corizon medical staff with knowledge of Plaintiff's alleged medical and mental health conditions;
>
> Corizon medical staff that provided medical and/or mental health care and treatment to Plaintiff;
>
> The Custodian of Records for Corizon;
>
> The Custodian of Records for Missouri Department of Corrections;
>
> Other medical providers, treaters or individuals with knowledge of Plaintiff's alleged medical and mental health conditions and pre-existing medical conditions and medical complaints;
>
> Individuals or witnesses with knowledge of Plaintiff's inmate grievance filings;
>
> Individuals or witnesses with knowledge of Plaintiff's alleged claims.

These partial disclosures do not provide Plaintiff with any names or contact information as required by Fed.R.Civ.P. 26(a)(1)(A)(i), thereby preventing him from conducting effective discovery. Thus, the Court finds Defendants must provide complete disclosures responsive to Plaintiff's request.

Also in their initial Rule 26(a)(1) disclosures, Defendants state they produced copies of Plaintiff's prison medical file comprising approximately 700 pages, CMS 001 through 701, and indicate that "[a] request for updated records has been made, these records will be supplemented upon receipt." Plaintiff asserts he has not received the rest of his medical files dating from

February 16, 2011. Defendants are under a continuing obligation to supplement their disclosures pursuant to Rule 26(e)(1). Thus, the Court finds Defendants must produce the requested documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Disclosure and Modify Case Management Order [ECF No. 121] is **GRANTED** as to Defendants Hakala, Vinson, McKinney, Spain, Randolph and Klein and **DENIED** as moot as to Defendant Spears.

**IT IS FURTHER ORDERED** that Defendants Hakala, Vinson, McKinney, Spain, Randolph and Klein shall have until May 15, 2012 to provide complete disclosures responsive to Plaintiff's request.

**IT IS FURTHER ORDERED** that the Case Management Order [ECF No. 109] is amended as follows:

The discovery deadline is extended by sixty (60) days, to May 21, 2012; and

The summary judgment deadline is extended by sixty (60) days, to July 18, 2012.

Dated this 30th day of April, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE