UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2056-JAR |
| ) | |
| MICHAEL HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for an Order to Compel Discovery and Modify Case Management Orders [ECF No. 150], two Motions to Compel Production of Documents [ECF Nos. 152, 157], and a Motion to Compel Answers to Interrogatories [ECF No. 162]. For the following reasons, the motions will be granted in part.

**Legal Standard**

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Id. R. 37(a)(3)(B).

**Discussion**

In response to Plaintiff's motions to compel filed July 25, 2012 [ECF Nos. 150, 152], Defendants submit certificates of service dated July 23, 2012, certifying that they served on Plaintiff, by mail, their answers and objections to Plaintiff's Second Interrogatories as well as their responses and objections to Plaintiff's Second Request for Production of Documents.

(Response in Opposition to Plaintiff's Motions to Compel, Doc. No. 153, Exhibit A). Because Defendants complied with their discovery obligations, these motions to compel will be denied.

In response to Plaintiff's most recent motion to compel production of documents filed August 14, 2012 [ECF No. 157], Defendants state they have timely answered all discovery requests served by Plaintiff and produced approximately 1100 pages of documents relevant to his claims of deliberate indifference, including his medical records through June 22, 2012. The Court has reviewed the requests for production of documents and makes the following rulings:

**Request for Production No. 1**: Plaintiff seeks mental health records pertaining to his psychiatric care and treatment. In their Opposition to Plaintiff's motion, Defendants state Plaintiff's request for mental health records is irrelevant because his claims are focused on the care and treatment of his spine, neck and back. (Doc. No. 163, ¶ 8). Defendants' objections are overruled. The Court will order Defendants to produce the mental health records requested by Plaintiff.

**Request for Production No. 2**: Plaintiff seeks his classification records. Defendants object on the grounds of relevance. Defendants' objection is overruled to the extent Plaintiff's classification is based on any kind of medical evaluation.

**Request for Production No. 3**: Plaintiff seeks prison grievance forms pertaining to his cause of action. In their Response in Opposition to Plaintiff's Motion, Defendants state that on August 21, 2012, they served on Plaintiff copies of his grievance records, CMS 1038-1140. (Doc. No. 163, ¶ 3).

**Request for Production No. 4**: Defendants do not object, referencing CMS 1-1082, previously produced on January 19, 2012 and supplemented on July 6, 2012.

**Request for Production No. 5**: Plaintiff seeks letters, e-mails and "tangible items" to Defendants McKinney, Randolph, Spain, or any MODOC and CMS employee regarding Plaintiff's action, medical complaints, medical treatment and care. Without waiving their objection to the term "tangible items" as undefined and, therefore, vague and ambiguous, Defendants refer Plaintiff to the previously produced medical records produced on January 19, 2012 and supplemented on July 6, 2012. Defendants' objections are overruled. The Court will order Defendants to respond to this request to the extent it seeks letters and emails sent to Defendants McKinney, Randolph or Spain.

**Request for Production No. 6**: Plaintiff seeks all medical complaint and/or questionnaire forms filled out for his admission to the Missouri Spine Institute for an

appointment with Dr. John D. Spears on or about January 15, 2012, January 25, 2010, and August 30, 2010 for his medical complaints. Defendants object to the extent the request seeks documents that are not under their control, and on the grounds of relevance. Without waiving these objections, Defendants state they do not have any documents responsive to this request. Plaintiff questions the truthfulness of that representation. As a practical matter, the Court must accept Defendants' representation that they are unable to respond to Plaintiff's request because they have no such documents. If Defendants' representation is later determined to be unjustified, then sanctions are available for failure to honor discovery obligations. Rule 26(g).

**Request for Production No. 7**: Plaintiff seeks Physician Images Amended Lumbar EST procedure on August 1, 2011, as amended on December 1, 2011. Defendants object to the extent the request seeks documents that are not under their control. Defendants further object on the grounds of relevance. Subject to those objections, Defendants refer Plaintiff to the previously produced medical records produced on January 19, 2012 and supplemented on July 6, 2012. Defendants' objections are overruled. The Court will order Defendants to make this report available to Plaintiff's medical expert, if one is designated.

**Request for Production Nos. 8 - 12**: Plaintiff seeks copies of the x-ray images and DVD/CD recordings of the MRI and scan images taken by third-party providers. Defendants object "due to safety concerns" because these items may be used as weapons and state they have previously produced documents that reflect the results of the x-rays and MRI scans. Defendants' objection to producing these images to Plaintiff based on safety concerns is sustained. The Court will, however, order Defendants to make copies of Plaintiff's x-rays and the CD/DVD recordings of his MRI scans available to Plaintiff's medical expert, if one is designated.

**Request for Production Nos. 13 - 18**: Plaintiff seeks any and all CMS policies, standard operating procedures, standards of care, protocols or directives on which Defendant doctors relied in formulating a course of treatment for him as well as documents describing the CMS clinical bonus system. Defendants object on the grounds of relevance. Plaintiff claims Defendants denied him access to medical care, including appropriate referrals for treatment. Information responsive to these requests can be obtained from Plaintiff's medical records, consisting of approximately 1082 pages. Moreover, information concerning the CMS clinical bonus system is not relevant or material to his claim of deliberate indifference. The Court will sustain Defendants' objections.

In his Motion to Compel Answers to Interrogatories filed August 17, 2012 [ECF No. 162], Plaintiff states Defendants' answers are non-responsive and evasive.[1] In their answers and

---

[1] Plaintiff also argues that Defendants' answers were signed by defense counsel and not by defendants as required by Rule 33; however, Rule 33(b)(5) provides that the attorney who objects must sign any objections.

objections to Plaintiff's Second Interrogatories, each Defendant generally objects on the grounds of relevance and that the interrogatories exceed the maximum number of interrogatories allowed by Fed.R.Civ.P. 33(a)(1). Defendants' objections are overruled. Plaintiff is proceeding pro se, and the Court will afford him some leeway regarding the number of interrogatories served on Defendants.

The Court has reviewed the interrogatories served on Defendants McKinney, Hakala and Vinson. Plaintiff asks Defendants to describe any and all policies, protocols, standards of care and/or guidelines shaping their treatment of Plaintiff, and to explain their treatment decisions. (Doc. 162-1, Nos. 1-2, 5-18, 20; Doc. 162-2, Nos. 1-17; Doc. 162-3, Nos. 1-2, 5-6). Defendants' responses are virtually identical, i.e., that medical care is provided on a case-by-case basis for all medically necessary needs and conditions, and that information responsive to the interrogatories can be obtained from Plaintiff's medical records, consisting of approximately 1082 pages. (Id.). The Court finds these responses sufficient and provide no basis for an order compelling Defendants to supplement their answers. An inmate does not have a right to a particular course of treatment nor does an inmate establish deliberate indifference by showing that another doctor might have ordered a different course of treatment than that actually taken. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

With respect to interrogatories asking Defendants to describe CMS's clinical bonus system, and whether they were financially rewarded for limiting the cost of care for prisoners under that system, Defendants object on the grounds of relevance. (Doc. 162-1, Nos. 3, 19; Doc. 162-3, Nos. 3, 10). To state a claim for deliberate indifference, Plaintiff must establish that he suffered from an objectively serious medical need, and the prison doctors knew of the need yet

deliberately disregarded it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain Defendants' objections.

With respect to Plaintiff's interrogatories regarding Defendants' ownership interest in CMS or its parent corporation, Defendants object on the grounds of relevance. (Doc. 162-1, No. 4; Doc. 162-3, Nos. 4). To state a claim for deliberate indifference, Plaintiff must establish that he suffered from an objectively serious medical need, and the prison doctors knew of the need yet deliberately disregarded it. Roberson, 198 F.3d at 647. Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain Defendants' objections.

With respect to Plaintiff's interrogatories directed at Defendant Vinson and asking about her employment with CMS, whether she was terminated and if so, why, Defendant Vinson objects on the grounds of relevance. (Doc. No. 162-3, Nos. 7-9). Because the information Plaintiff seeks is not relevant or material to his claims of deliberate indifference, the Court will sustain Defendant's objections.

Plaintiff also requests this Court modify the case management order by extending the discovery deadline by thirty (30) days. Although the Court previously indicated that no further extensions of time would be granted, as a result of the delay caused the parties' discovery disputes, and because the Court is partially granting Plaintiff's motions to compel, the Court will further extend the discovery deadline from August 19, 2012 to September 18, 2012. However, no additional discovery shall be propounded by the Plaintiff in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order to Compel Discovery

5

and Modify Case Management Orders [150] is **GRANTED** in part. The August 19, 2012 discovery deadline is extended to September 18, 2012. In all other respects, the motion is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents [152] is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents [157] is **GRANTED** in part in accordance with the terms of this order.

    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories [162] is **DENIED**.

Dated this 24th day of August, 2012.

                                                                JOHN A. ROSS
                                                                 UNITED STATES DISTRICT JUDGE