UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES TONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2056-JAR |
| ) | |
| MICHAEL HAKALA, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment and/or Sanctions and Expenses. [ECF No. 188] Plaintiff moves for entry of default judgment against Defendants based on their alleged failure and refusal to cooperate in discovery. Plaintiff also seeks an order requiring Defendants to pay him $100 for his expense incurred in litigating his various motions to compel. The motion is fully briefed and ready for disposition.[1] For the following reasons, the motion will be denied.

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to impose sanctions upon parties who fail to comply with discovery orders; however, dismissal of claims or entry of default judgment may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940-41 (8th Cir. 2000). The Court finds the record in this case does not support the imposition of sanctions against Defendants.

---

[1]On November 15, 2012, Defendants filed their Response in Opposition to Plaintiff's Motion for Default Judgment. [ECF No. 189] Plaintiff filed a Supplement to his Motion for Default Judgment on November 16, 2012 [ECF No. 190] and on November 26, 2012, Defendants filed their Response in Opposition. [ECF No. 192].

On October 16, 2012, this Court ordered Defendants to provide Plaintiff's designated medical expert, Dr. Steven R. Graboff, with Plaintiff's medical records, including copies of his x-rays and DVD/CD recordings of his MRI scans images within seven days from the date of its Order. (Doc. No. 183) On October 24, 2012, Defendants filed a Memorandum of Partial Compliance (Doc. No. 186) stating that on October 23, 2012, Defendants sent Dr. Graboff, by Federal Express overnight mail, the following documents and information: (1) medical records of James Toney; (2) CDs from Physicians Imaging; and (3) CDs from University of Missouri Health Care. In addition, on October 24, 2012, Defendants sent Dr. Graboff, by Federal Express overnight mail, Plaintiff's x-ray films from his time at Southeast Correctional Center. Defendants represented that they had requested copies of Plaintiff's x-rays and DVD/CD recordings of his MRI scans from Missouri Delta Medical Center, Vista Imaging, Capital Region Medical Center, Potosi Correctional Center and Eastern Reception and Diagnostic Correctional Center, but had not yet received this information because, according to each entity, more than seven days was required to make copies of the images and recordings. Prepayment was also required. Defendants stated that as soon as this information was received, it would be forwarded to Dr. Graboff.

On November 2, 2012, Defendants filed a Second Memorandum of Partial Compliance (Doc. No. 187) stating that on November 1, 2012, Defendants sent Dr. Graboff, by Federal Express overnight, a CD containing the MRI films of Plaintiff from Vista Imaging. On November 2, 2012, Defendants sent Dr. Graboff, by Federal Express overnight, copies of Plaintiff's x-ray films taken at Eastern Reception and Diagnostic Correctional Center. On November 5, 2012, Defendants sent Dr. Graboff, by Federal Express overnight, the CD

2

containing Plaintiff's MRI films from Missouri Delta Medical Center. On November 13, 2012, Defendants sent Dr. Graboff, by Federal Express overnight, Plaintiff's x-ray films taken at Potosi Correctional Center.

On November 16, 2012, Defendants filed a Final Memorandum of Compliance (Doc. No. 191) stating that on November 5, 2012, Defendants' counsel received a CD containing Plaintiff's MRI films from Missouri Delta Medical Center. Upon receiving the CD, Defendants sent it to Dr. Graboff, by Federal Express overnight. On November 13, 2012, Defendants' counsel received copies of Plaintiff's x-rays from his time at Potosi Correctional Center ("PCC"). These films had been sent to an outside facility for copying because PCC did not have the capability to copy the films in house. Upon receipt back to PCC, PCC sent the films by Federal Express overnight to Defendants' counsel. On November 13, 2012, Defendants sent Dr. Graboff, by Federal Express overnight, copies of those x-ray films.

Contrary to Plaintiff's assertions, it appears to the Court that Dr. Graboff has been provided with all of the outstanding x-rays images and CD recordings of MRI scans as well as a copy of Plaintiff's medical records, which included reports of all of the x-rays images and MRI scans relevant to Plaintiff's claims. The Court therefore finds that Defendants have complied with its Order of October 16, 2012. Because Plaintiff has not been denied any medical records relevant to his claims against Defendants, Plaintiff has not been prejudiced and he is not entitled to sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment and/or Sanctions and Expenses [188] is **DENIED**.

Dated this 7th day of December, 2012.

                                                /s/ John A. Ross
                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE