UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES TONEY,                          )
                                      )
              Plaintiff,              )
                                      )
       vs.                            )        Case No. 4:10-CV-2056-JAR
                                      )
MICHAEL HAKALA, et al.,               )
                                      )
              Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Request for Injunctive Relief.

[ECF No. 210] Plaintiff seeks an order from this Court allowing him to keep all of his legal

documents in his cell during the pendency of this case. On January 31, 2013, this Court ordered

counsel for Defendants to take all necessary and available steps to ensure that Plaintiff's legal

file is not taken from him until the Court had an opportunity to review Defendants' response to

the Motion. (Doc. No. 211) The Court further ordered Defendants to file their response to

Plaintiff's motion by February 4, 2013. (Id.)

       In response to the Court's order, Defendants state they provided the following individuals

with a copy of Plaintiff's motion and the Court's January 31, 2013 order: Joel Poole, an attorney

with the Attorney General's office; Shelly Joplin, Litigation Coordinator at Eastern Reception

and Diagnostic Correctional Center ("ERDCC"); and Terry Russell, Warden at ERDCC. (Doc.

No. 212, ¶ 3) Ms. Joplin advised counsel for Defendants that each inmate is permitted to keep

paperwork in their cell but the paperwork must fit in the inmate's personal foot locker, otherwise

it is considered a fire hazard. (Id., ¶ 4) Paperwork that does not fit in the inmate's personal foot

locker is stored in the property room. Inmates have access to the property room. (Id.)

Defendants also submit the Missouri Department of Corrections Institutional Services Procedure Manual, which provides that offenders' legal materials are treated the same as all other personal property with certain exceptions for large amounts of legal materials. (Doc. No. 212-3, IS22-1.1 Offender Property and Control Procedures, effective August 13, 2012 at 20-22) In particular, if an offender accumulates large amounts of legal materials that cannot be kept in the approved storage container, then the offender must organize and inventory the materials, which will then be stored in a secure area, to which the offender will have access.[1] Provision is also made in the event the offender refuses to organize and inventory his legal material. (Id.,

---

[1] Q. 3.b. "If an offender accumulates large amounts of legal material and such cannot be retained in the approved storage container, the following procedures will be utilized to provide for the offender's access to, and security of such materials.

(1) All material in excess of that able to be retained in the approved storage container must be placed by the offender in legal sized accordion folders with flap.

(2) All folders will be labeled with the case number and name on the flap and will be secured.

(3) The offender will complete a Legal Material Inventory form (Attachment R), which will be kept on file in accordance with the department procedure regarding records retention.

(A) The original will be placed in the offender's personal property file.
(B) One copy will be retained by the offender.
(C) A copy will be placed with the material being stored.

(4) The staff taking charge of the materials will check the inventory list against the folder labels to ensure all is accurate and both the offender and staff will sign the form.

(A) These materials will then be stored in a secure area.
(B) Folders and materials may be searched to ensure contraband is not included."

IS22-1.1 Q 3.c. (1)-(5)) Offenders may request legal materials in accordance with institutional services procedures regarding access to law library materials. In addition, offenders may request materials from the storage area once each month by either trading an equivalent amount of legal material or showing that an equivalent amount of legal material has been removed from the institution. (Id., IS22-1.1 Q 3.d (1), (2)) General population offenders will be responsible for contacting the staff person in charge of the storage area and requesting the material per established standard operation procedure. (Id., Q 3.g)

In response to Plaintiff's motion, Defendants state their responsibility is to provide medical care and treatment to the inmates at ERDCC; they have no authority or ability to control the actions of MDOC officials with respect to the safety and security concerns raised by Plaintiff's motion. (Doc. No. 212, ¶ 6) Moreover, Defendants argue that Plaintiff's request for injunctive relief should be denied because he fails to show that he will experience irreparable harm or a likelihood of success on the merits. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). (Doc. No. 212, ¶¶ 7-10)

Upon consideration of MDOC policies, as well as the representations of ERDCC officials that Plaintiff will continue to have access to his legal file, the Court will deny Plaintiff's motion at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Request for Injunctive Relief [210] is **DENIED** without prejudice.

Dated this 5th day of February, 2013.

John A. Ross

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE