UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES TONEY,                          )
                                      )
              Plaintiff,              )
                                      )
       vs.                            )        Case No. 4:10-CV-2056-JAR
                                      )
MICHAEL HAKALA, et al.,               )
                                      )
              Defendants.             )

## MEMORANDUM AND ORDER

        This matter is before the Court on Plaintiff's Motion to Lift Stay and Exclude

Defendants' Reply to Plaintiff's Opposition to Defendants' Summary Judgment. [ECF No. 228]

The motion is fully briefed and ready for disposition.

        Briefly, Plaintiff brings this §1983 action seeking damages from Defendants for their

alleged deliberate indifference to his serious medical needs. On October 1, 2012, Defendants

filed their motion for summary judgment. (Doc. No. 173) After three extensions of time (Doc.

Nos. 185, 194, and 198), Plaintiff filed his response to Defendants' motion on January 16, 2013.

(Doc. No. 201) On January 23, 2013, Plaintiff filed a memorandum advising the Court that the

medical expert retained by his family, Dr. Steven Graboff, had submitted a bill for his review of

additional medical records which they were unable to pay and thus, through no fault of his own,

he was unable to provide his medical expert's opinion. (Doc. No. 204) The Court construed

Plaintiff's memorandum as a request for additional time to secure a medical expert and on

January 29, 2013, granted Plaintiff an additional thirty days, up to and including February 27,

2013, to either make arrangements with Dr. Graboff or retain another medical expert. (Doc. No.

209) Likewise, the Court extended the deadline for Defendants to file their reply in support of

their motion for summary judgment to March 15, 2013. (Id.)

On February 11, 2013, Plaintiff filed a Motion Requesting to Amend and Modify Summary Judgment Timeline. (Doc. No. 215) Plaintiff stated the Court misconstrued his Memorandum as a request for additional time to secure a medical expert, when he had made no such request. Plaintiff requested the Court set aside the thirty day extension granted him and amend the deadline for Defendants' reply. The Court vacated its January 29, 2013 order and ordered Defendants to file their reply by February 21, 2013. (Doc. No. 216) Defendants subsequently requested an extension of the deadline to file their reply to March 7, 2013, which the Court granted. (Doc. No. 217)

On March 4, 2013, Plaintiff filed a Motion in Opposition to Defendants's Motion to Extend the Deadline to Reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment and Request to Disclose Medical Expert. (Doc. No. 222) Plaintiff advised the Court that he had located and made arrangements with a medical expert, Derrick Dytchkoskyj-Raider, an orthopedic physical therapist. The Court construed Plaintiff's motion as a request to disclose a medical expert out of time and granted the motion. (Doc. No. 223) In response, Defendants requested the Court stay the deadline for them to file their reply brief until Plaintiff produced an expert report and Defendant had had an opportunity to depose Plaintiff's expert and disclose their own expert, if necessary. (Doc. No. 224) The Court granted Defendants' motion in part, and ordered Plaintiff to produce a copy of his expert's written report by April 1, 2013. (Doc. No. 225) At that time the Court indicated it would set a schedule for expert discovery, if necessary, and a deadline for Defendants to file their reply brief. (Id.)

In the instant motion, Plaintiff advises the Court that he is withdrawing his motion for leave to disclose a medical expert because he cannot afford an expert and has no means of

locating one. He also requests the Court exclude Defendant's reply brief due to their failure to timely reply. (Doc. No 228)

As noted above, the Court permitted Plaintiff to disclose a medical expert out of time and entered a stay in this matter to allow Defendants an opportunity to conduct expert discovery and respond in their briefing. To the extent Plaintiff has indicated he no longer intends to file an expert report, the Court will lift the stay on the briefing schedule. Plaintiff has not however, established any basis for the Court to deny Defendants the opportunity to submit a reply in support of their motion for summary judgment. Plaintiff's arguments concerning Defendants' purported failure to comply with this Court's orders and the rules of civil procedure have been previously addressed by the Court and rejected.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay and Exclude Defendants' Reply to Plaintiff's Opposition to Defendants' Summary Judgment [228] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendants shall file their reply in support of their motion for summary judgment no later than **April 26, 2013.**

**IT IS FURTHER ORDERED** that in all other respects, the motion is **DENIED**.

Dated this 16th day of April, 2013.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE